[Cite as *State v. Welker*, 2021-Ohio-1634.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NO. 2021-P-0039** |
| GEORGE WELKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2020 CR 00795.

Judgment: Appeal dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Sean P. Martin,* 113 N. Chestnut Street, Suite A, Jefferson, OH 44047 and *Alonda A. Bush,* 209 S. Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} On April 12, 2021, appellant, George Welker, filed a notice of appeal from a March 10, 2021 judgment entry issued by the Portage County Court of Common Pleas. The court sentenced appellant to serve an aggregate prison term of three years after he entered a plea of guilty to violating a protection order and menacing by stalking.

{¶2} A timely notice of appeal from the court's March 10, 2021 entry was due no later than April 9, 2021, which was not a weekend or a holiday. Thus, the appeal is untimely by three days.

{¶3} App.R. 4(A)(1) states in relevant part:

{¶4} "* * * [a] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry. * * *."

{¶5} App.R. 5(A) states:

{¶6} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶7} "(a) Criminal proceedings;

{¶8} "(b) Delinquency proceedings; and

{¶9} "(c) Serious youthful offender proceedings.

{¶10} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *."

{¶11} Appellant has neither complied with the thirty-day rule set forth in App.R. 4(A)(1), nor sought leave to appeal under App.R. 5(A). Thus, this court is without jurisdiction to consider this appeal. Appellant has a remedy to file an untimely appeal from a criminal judgment under App.R. 5(A).

{¶12} Appeal dismissed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

2